UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES LOYOLA | * | CIVIL ACTION |
| VERSUS | * | NO. 20-140 |
| USAA GENERAL INDEMNITY COMPANY, ET AL | * | SECTION "J" (2) |

**REPORT AND RECOMMENDATION**

On August 3, 3033, the Honorable Carl J. Barbier granted Defendants USAA General Indemnity Company and Bobby Carter's Motion to Re-Open Case and referred their Motion to Recover Expert Costs (ECF No. 46) to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  ECF No. 49.  The matter was taken under submission on August 17, 2022, without oral argument as neither party requested argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, IT IS RECOMMENDED that Defendants' Motion to Recover Expert Costs be GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff James Loyola filed this personal injury suit on January 14, 2020, to recover damages arising from Defendant Bobby Carter's alleged negligence.  He named USAA General Indemnity Company, as Carter's automobile liability insurance carrier, and Allstate Property and Casualty Insurance Company, as his uninsured/underinsured motorist coverage carrier.  ECF No 1, No. 1-2, ¶¶ VI & VII, at 2-3.  The Court entered a Scheduling Order setting an August 30, 2021, trial date with defendant's expert deadline of June 4, 2021 and a discovery deadlines of July 6,

2021.  ECF No. 7, at 1-2.  Although the Court later continued the trial date to June 6, 2022, it did not extend the expert deadlines.  ECF No. 21, at 1-2.

Defendants Carter and USAA appear to have taken the lead in the defense, with Allstate later joining in their filings.  See, e.g., ECF No. 29 (Motion in Limine to Exclude Plaintiff's Economic Expert); No. 30 (Motion in Limine to Exclude Plaintiff's Treating Physician); No. 31 (Allstate's Motion for Joinder in ECF Nos. 29 & 30); No. 38 (Reply Memorandum); No. 39 (Joinder in Reply).  The Honorable Carl J. Barbier granted both motions.  ECF No. 40.  Shortly after the successful motions in limine, the parties notified the court of their settlement and requested that Judge Barbier enter a 60-day Order of Dismissal.  ECF No. 42.  Plaintiff later dismissed all claims, with prejudice.  ECF Nos. 43, 44.

Two months later, Defendants Carter and USAA filed this Motion seeking to recover Allstate's portion of the expert fees.  Defendants contend that Allstate agreed to pay half of the fees to the Defendants' economic expert John Theriot and their medical expert Dr. Ramirez-Terrasa.  ECF No. 46-1 at 1-3.  At the time of settlement, Allstate had paid $1,205 to Dr. Theriot and Defendants had paid $2,500 to Dr. Theriot and $11,000 to Dr. Ramirez.  The total costs amounted to $15,750 for Dr. Theriot and $12,000 for Dr. Ramirez.  After settlement, Allstate refused to pay any further portion of expert costs.  ECF No. 46-4.  Defendants contend that Allstate reaped the benefits of the experts and cannot now avoid payment for their costs.  *Id.*; *see also* ECF No. 54.

Allstate denies the existence of any such agreement.  ECF No. 48.  It argues that the only agreement it made was to pay for half of Dr. Theriot's retainer, only his retainer invoice was provided, and it did not agree to pay for Dr. Ramirez.  *Id.* at 2.  Allstate also argues that it paid Dr. Theriot directly only its portion of the retainer, not any additional amounts, and that payment

did not reflect an agreement to obligate itself to half of the total costs. *Id*. Allstate concedes that it listed Dr. Ramirez and Dr. Theriot as may call witnesses on its witness list, but denied that this indicates any direct retention of them or that it consulted with these experts. *Id.* at 3; see also ECF No. 9, at 1-2. Allstate argues that, as underinsured motorist carrier, it would have been called upon to pay a judgment only if a judgment exceeded Defendants' $1.3 million limit of liability, and excess insurers in that position customarily do not pay any of the expert costs for the underlying defense. *Id.*

## II. ANALYSIS

Defendants cite no support for their assertion that they are entitled to recover one-half of their expert expenses from Allstate. Likewise, Allstate cites no support for its contention that it may list co-defendant's experts as their experts, benefitting from Defendants' efforts, and not share any of those costs. The parties have not submitted the settlement agreement in this case, which may have addressed costs.

The only documentation provided by Defendants addresses Allstate's agreement to share, on a 50%-50% basis, the costs to retain Dr. Theriot. By agreeing to share in that retention on a 50%-50% basis, Allstate obliged itself to likewise share the costs that Dr. Theriot incurred on that same basis. Otherwise, there would not be an agreement to retain Dr. Theriot on a 50% basis.

Defendants, however, provide no evidence (either documentary or via affidavit) to establish that Allstate ever discussed, much less agreed to, share any costs to retain Dr. Ramirez. Merely listing Dr. Ramirez as a consulting expert is insufficient to establish that they agreed to share in the costs of retaining Dr. Ramirez and could simply have sought to preserve its right to elect to consult with her should the Defendants resolve the claims against them and leave Allstate

to defend itself.  Absent any evidence of an agreement to share the retention costs for Dr. Ramirez, Allstate cannot be required to pay any portion of Dr. Ramirez's costs.

## III. CONCLUSION

It is unfortunate that experienced lawyers who no doubt regularly co-defend cases cannot work together to resolve a simple matter such as this without court intervention.  Clearly Allstate must recognize that it benefitted from Defendants' successful defense of the case and saved significant sums when it simply joined Defendants' motions and listed the same experts rather than preparing their own filings and engaging separate experts.  Without incurring those expert costs, Defendants may not have accomplished the settlement reached in this case.  That said, without documentation to establish that Allstate agreed to share any costs for Dr. Ramirez, Allstate cannot be obliged to share any of her costs.

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Defendants' Motion to Recover Agreed Upon Expert Costs be GRANTED IN PART AND DENIED IN PART.  Allstate should be required to pay 50% of the expert costs for Dr. Theriot, but none of the expert costs related to Dr. Ramirez.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

---

[1] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

New Orleans, Louisiana, this 17th day of August, 2022.

                                              DONNA PHILLIPS CURRAULT
                                        UNITED STATES MAGISTRATE JUDGE